**Cheng Lee KING, Plaintiff,**

v.

**David H. CARNAHAN, as Regional Commissioner of the Immigration and Naturalization Service, Defendant.**

**Civ. No. 34618.**

United States District Court
N. D. California, S. D.

Oct. 5, 1956.

---

Fallon & Hargreaves, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Plaintiff seeks review of an order of the Regional Commissioner of the Immigration and Naturalization Service issued February 11, 1955 denying his application pursuant to Section 6 of the Refugee Relief Act of 1953, 67 Stat. 403, c. 366 (50 U.S.C.A.Appendix, § 1971d), for adjustment of his non-immigrant status to that of an alien lawfully admitted for permanent residence.

Section 6 of the Refugee Relief Act provides that any non-immigrant alien within the United States who is found by the Attorney General to meet certain specified requirements may have his case presented to the Congress for it to decide whether he shall be granted permanent residence. By regulation, 8 C.F.R. §§ 481.1–481.11, the Regional Commissioners of the Immigration and Naturalization Service have been designated as the delegates of the Attorney General to determine whether an applicant meets the requirements specified in Section 6 for referral to Congress.

One of these requirements is that the alien be "unable to return to the country of his birth, or nationality, or last residence because of persecution or fear of persecution on account of race, religion, or political opinion." It is not disputed that fear of persecution bars plaintiff's return to China, the country of both his birth and nationality. However, the country where plaintiff last resided was Singapore where he lived for some fifteen years. The Regional Commission denied plaintiff's application for adjustment of status on the ground that his inability to return to Singapore is not on account of persecution or fear of persecution.

Plaintiff concedes that the reason he cannot return to Singapore is not because of fear of persecution but because he is unable to obtain a visa. He contends, however, that the requirements of Section 6 are satisfied if an applicant is unable to return to one of the alternate countries because of fear of persecution, or at all events, if he is unable to return to any of the three alternate countries and his inability to return to one of them is because of fear of persecution.

 Although Section 6 refers to the countries of birth, nationality, or last residence in the alternative it is clear that the Congress intended that, if these countries are different, applicants must be unable to return to any of the three. In 1954, a revision of the language "birth, or nationality, or last residence" was proposed in House Bill 8193, 83rd Congress, 2d Session. The report of the Senate Judiciary Committee on House Bill 8193 (Senate Report 2045) [1] states that "The committee has restored the language 'birth, or nationality, or last residence,' which is the language presently contained in section 6 of the Refugee Relief Act of 1953. The committee understands that this language has been construed by the Immigration and Naturalization Service to mean that if the applicant for adjustment is able to return to any such country without persecution or fear of persecution, he is not eligible for adjustment. Since the existing language, as construed, correctly expressed the intent of the section no purpose would be served by modifying the language as proposed in the bill."

Section 6 quite plainly states that the inability to return to the specified countries must be because of persecution or fear of persecution. There is nothing in the legislative history of Section 6 to suggest that the Congress intended that an alien who could not return to one of the specified countries because of fear of persecution would be eligible for relief under Section 6, if, for different reasons, his return to the alternate countries was also barred.

Plaintiff urges that the Refugee Relief Act is remedial legislation and as such should be liberally construed. It is true that the Refugee Relief Act may be characterized as remedial legislation, but it is also apparent that it was not designed to afford relief to all deserving refugee aliens within the United States. The number of aliens who may be granted permanent residence under the Act is limited to 5,000 regardless of the number of eligible applicants. The construction of Section 6 urged by plaintiff would necessarily increase the number of eligible applicants. It would add to the burden of the Congress in selecting from the eligible applicants those to be granted permanent residence. These considerations militate against giving Section 6 any broader construction than the language itself warrants.

The decision of the Regional Commissioner is correct and is affirmed.

Present judgment accordingly.

1. 1954 U.S.Code Congressional and Administrative News, pp. 3688, 3691, 3692.